NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2876

_____

UNITED STATES OF AMERICA

v.

SCOTT SHREFFLER

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00215)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a) on
January 23, 2006

Before:  RENDELL and STAPLETON, Circuit Judges,
and POLLAK*, District Judge.

(Filed March 13, 2006)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

    Scott Shreffler pled guilty to a superseding information charging him with two

_____

*Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

counts of using facilities of interstate commerce to promote the distribution of heroin and one count of using communications facilities to facilitate the distribution of heroin. Applying the Federal Sentencing Guidelines, the District Court sentenced Shreffler to a term of imprisonment of 130 months, three years of supervised release, a fine of $900, and special assessments totaling $300. Shreffler appeals his sentence under 18 U.S.C. § 3742(a).

Shreffler was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the District Court applied the Sentencing Guidelines as mandating the extent of its sentencing discretion. In *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), we concluded that defendants sentenced before *Booker* should have their sentencing challenge "remand[ed] for consideration of the appropriate sentence by the District Court in the first instance." *Id.* at 166. We will therefore vacate Shreffler's sentence and remand for resentencing in accordance with *Booker*.

In addition to his *Booker* objection, Shreffler claims that the District Court committed several errors in calculating his sentence under the Sentencing Guidelines. Though the District Court's sentencing discretion will not be limited by the Sentencing Guidelines on remand, the District Court must still consider "the Guidelines 'sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant.'" *Booker*, 543 U.S. at 259-60 (quoting 18 U.S.C. § 3553(a)(4)). For this reason, Shreffler's challenge to the District Court's application of the Guidelines

2

is not moot, and we will address it in the interest of conserving judicial resources.  *See United States v. Pojilenko*, 416 F.3d 243, 246 (3d Cir. 2005).

Shreffler's most significant challenge under the Guidelines is to the District Court's finding that he was responsible for the distribution of at least 100 grams of heroin.  In making this determination, the Court relied on testimony it heard in a previous case against Shreffler, an admission in Shreffler's objections to the presentence report that he sold the equivalent of 18 grams of heroin that the District Court had not previously counted, and Shreffler's admission that he distributed unspecified amounts of heroin, cocaine, and pills containing controlled substances to at least sixteen people. (A261.)

Shreffler argues that the District Court should have excluded drugs he possessed for his personal use from the calculation of the amount he distributed.  *See Jansen v. United States*, 369 F.3d 237 (3d Cir. 2004) ("[P]ossession of drugs for personal use is not part of the same course of conduct or common scheme or plan as possession with intent to distribute and therefore is not relevant conduct in a distribution case.").  The District Court did not disagree with this legal proposition, but stated that the only evidence suggesting that Shreffler possessed drugs for personal use was his own testimony, which the Court found unpersuasive.  Thus, the District Court rejected Shreffler's personal use argument and held that he distributed all the heroin he received.

The District Court's finding that Shreffler distributed all of the drugs seen in his

possession was clearly erroneous.  The record is replete with evidence that Shreffler was

a heroin addict.  In fact, the District Court appears to have accepted this fact in 2000

when it found that Shreffler used heroin "almost daily" with one of the witnesses that

appeared before the Court.  In concluding that Shreffler sold all of the drugs he received,

the Court ignored clear evidence that Shreffler was using drugs himself.  While the

District Court need not accept Shreffler's claim that he used 80-85% of the heroin he

received, it cannot simply ignore the overwhelming evidence that he personally used a

portion – perhaps a significant one – of the heroin he possessed.[1]

Shreffler also claims that the District Court "double-counted" certain quantities of

drugs in calculating the total amount he distributed.  In 2000, the District Court found

that Shreffler received between 1,300 and 2,600 packets of heroin from a Philadelphia

drug dealer named Pedro Caban and between 1,300 and 2,600 packets from other dealers

in Philadelphia.  The District Court added to these amounts the 395 to 435 packets of

heroin that witnesses testified Shreffler sold to them.  Shreffler argues that the packets he

sold were included in the quantity of heroin he received from Philadelphia dealers and

that the District Court thus counted them twice in calculating the total amount he

distributed.

We share Shreffler's concern that the District Court may have double-counted

---

[1]Nor are we convinced that Shreffler's involvement with other drugs "counterbalances" the personal use issue, as the District Court claimed.  More specific findings would be required to support this conclusion.

4

certain quantities of drugs.  There is no evidence in the record before us that indicates whether the packets of heroin that witnesses testified they purchased from Shreffler were among those already attributed to him in the quantities he received from Philadelphia dealers.  But the heroin Shreffler sold did not emerge from thin air.  The most natural conclusion from the record is that some or all of the heroin Shreffler distributed was among the significant quantity he received in Philadelphia, for which the District Court already accounted in its calculation.  To avoid a double counting problem, the Court should determine whether any of the drugs Shreffler distributed to witnesses were among the quantities he received in Philadelphia.  We do not believe that it did so.

At the sentencing hearing, the Court adopted its conclusion from 2000 that Shreffler had distributed a total of between 3,495 and 5,695 packets of heroin, equivalent to between 69 and 113 grams.  This too raises a double-counting issue.  To calculate the lower end of this range, it appears the District Court included 500 packets that one witness, Bryan Steele, saw Shreffler receive from dealers in Philadelphia.  In calculating the upper limit of the range, however, the District Court excluded the amounts Steele saw Shreffler receive, presumably because, as the government notes in its brief, the degree to which the purchases observed by Steele overlap with purchases Shreffler made from Caban cannot be determined.  Gov. Br. at 47.  This inconsistency suggests that the District Court double-counted drugs Steele saw Shreffler receive with those he purchased from Caban when calculating the lower end of the quantity range.

We recognize that, due to the covert nature of the drug trade, a degree of estimation is often necessary for district courts calculating the quantity of drugs involved in cases before them.  *See United States v. Paulino*, 996 F.2d 1541, 1545 (3d Cir. 1993). Yet, our concern is not that the District Court lacked evidence to support its estimate, but rather that it reached an erroneous result based on the evidence that was actually before it.  There may be sufficient evidence in the record to support a finding that Shreffler distributed over 100 grams of heroin.  On remand, however, the District Court should revisit this finding and address, in more particularity, the facts and arguments concerning personal use and double-counting.

In addition to contesting the District Court's drug quantity calculation, Shreffler challenges other aspects of its application of the Guidelines.  He argues that the District Court erred by increasing his base offense level for his role in the offense and for using a minor in the commission of the offense.  He also contends that the District Court should have reduced his base offense level by one for acceptance of responsibility.  The record supports these holdings, and we find no error in them.  Finally, Shreffler claims that the District Court refused to rule on legal issues raised in his objections to the presentence report.[2]  We disagree.  The Court's rulings against Shreffler on these issues were implicit

------------------

[2]Specifically, Shreffler claims that the District Court failed to consider the following arguments:  (1) the changes in the superseding information charged offenses as to which a five-year period of limitations applies; (2) the government waived its right to a finding that Shreffler distributed 100 grams of heroin by including that specific quantity in the July 2001 indictment, but failing to reference to that amount in a December 2001

in its findings and its ruling as to the proper sentence.  *See United States v. Cunningham*, 429 F.3d 673, 678-79 (7th Cir. 2005) ("A sentencing judge has no more duty than we appellate judges do to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should, be passed over in silence [despite the language of Fed. R. Crim. P. 32(i)(3)(B)].").

For the foregoing reasons, we will vacate Shreffler's sentence and remand for resentencing.

---

superseding indictment; (3) because the use of interstate facilities and communications facilities are lesser included offenses in each other, the District Court erred in running the statutory maximum penalties for the communication offenses consecutive to those for the interstate travel offenses; and (4) the Court should have made specific findings as to Shreffler's activities within the time span covered by each count of the superseding indictment and sentenced only based on activities that were found to have taken place during each period of time.